IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00115-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -2 2009

GREGORY C. LANGHAM
CLERK

JACQUES PIERRE WARD,

    Plaintiff,

v.

SUSAN JONES, CSP Warden, in her individual and official capacities,
LARRY REID, Former CSP Warden, in his individual and official capacities,
ANGEL MEDINA, CSP Associate Warden, in his individual and official capacities,
MAJOR DAVIS, CSP Custody/Control Manager, in his individual and official capacities,
PHIL MONDRAGON, CSP Correctional Officer, in his individual and official capacities,
OFFICER QUINTANA, CSP Correctional Officer, in her individual capacity,
MAJOR TOM MEEKS, CCF Custody/Control Manager, in his individual capacity,
SERGEANT KEVIN CRUTCHER, CSP Correctional Officer, in his individual capacity,
SERGEANT SIMMS, CSP Correctional Officer, in his individual capacity,
SERGEANT AMY ROSS, CSP Correctional Officer, in her individual capacity,
SERGEANT PADILLA, CSP Correctional Officer, in his individual capacity,
SERGEANT MICHELLE TAYLOR, CSP Correctional Officer, in her individual capacity,
OFFICER VIGIL, CSP Correctional Officer, in her individual capacity,
SERGEANT TRUJILLO, CCF Correctional Officer, in her individual capacity,
OFFICER JOHN ANTHONY ANAYA, Correctional Officer, in his individual capacity,
OFFICER MARTINEZ, CSP Correctional Officer, in his individual capacity,
LIEUTENANT SHAWNA TROXEL, CSP Investigating Officer, in her individual capacity,
OFFENDER ORTIZ, CSP Inmate, in his individual capacity,
SERGEANT CROSS, CSP Intel Officer, in his official and individual capacities,
SERGEANT DENT, CSP Intel Officer, in his official and individual capacities,
LIEUTENANT WILL, CSP Correctional Officer, in her individual capacity,
LIEUTENANT PRYOR, CSP Correctional Officer, in her individual capacity,
ARISTEDES W. ZAVARAS, C.D.O.C. Exec. Director, in his official and individual
    capacities, and
LIEUTENANT MARK MATHEWS, in his individual capacity,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jacques Pierre Ward, is a prisoner in the custody of the Colorado

Department of Corrections at the Centennial Correctional Facility in Cañon City,

Colorado. Mr. Ward has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Ward is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ward is ordered to file an amended complaint.

The court has reviewed Mr. Ward's complaint and finds that it is deficient. Mr. Ward has listed twenty-four Defendants in the caption of the complaint but he asserts only one claim for relief against three of those Defendants. Mr. Ward has attached to the complaint a personal narrative describing various incidents that have occurred during his incarceration and some of the described incidents involve other named Defendants in this action. However, Mr. Ward does not assert any claims based on the incidents described in the personal narrative and those incidents do not relate to the one claim asserted in the complaint. Therefore, it is not clear why the personal narrative is attached to the complaint or why Mr. Ward has listed twenty-four Defendants in the caption of the complaint. Mr. Ward is ordered to file an amended complaint if he wishes to pursue any claim against any Defendant who is not one of the three Defendants identified in connection with the single claim asserted in the complaint. If Mr. Ward chooses not to file an amended complaint, the Defendants against whom no claims are asserted will be dismissed from this action.

Mr. Ward is advised that, if he chooses to file an amended complaint in this

action in order to raise additional claims against other Defendants, the amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8(a), a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." In order to satisfy the requirement of providing a short and plain statement of his claims showing that he is entitled to relief, Mr. Ward's amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Finally, Mr. Ward filed three motions on March 25, 2009. Mr. Ward's "F.R.C.P. 4 Motion for Delivery of Complaint by U.S. Marshals" is denied as premature because the court will not order service prior to completion of its review pursuant to D.C.COLO.LCivR 8.2. Mr. Ward's "Fed. R. Civ. P. 15 Motion to Amend Additional Defendants" is denied as moot because Mr. Ward may include those Defendants in the amended complaint he is ordered to file. Finally, Plaintiff's "Fed. R. Civ. P. 60(b) Motion for Preliminary Injunction," in which he asks the court to issue an order requiring that the prison law library continue to provide photocopies to him in connection with

discovery in this case, also is denied as premature because any discovery is premature at this stage of the proceedings. Accordingly, it is

ORDERED that Mr. Ward shall file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue any additional claims in this action. It is

FURTHER ORDERED that the clerk of the court shall mail to Mr. Ward, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED Mr. Ward's "F.R.C.P. 4 Motion for Delivery of Complaint by U.S. Marshals," "Fed. R. Civ. P. 15 Motion to Amend Additional Defendants," and "Fed. R. Civ. P. 60(b) Motion for Preliminary Injunction," all of which were filed on March 25, 2009, are denied.

DATED April 2, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00115-BNB

Jacques Pierre Ward
Prisoner No. 80524
Centennial Correctional Facility
P.O. Box 600 – Unit A2-2-3
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on __4/2/09__

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk